# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Jamal Quezaire,<br><br>    Plaintiff,<br><br>v.<br><br>Technipower, Inc.,<br><br>    Defendant. | Case No.: 1:24-CV-03733-ELR-RDC |

## DEFENDANT TECHNIPOWER, INC.'s MOTION FOR SANCTIONS AGAINST PLAINTIFF JAMAL QUEZAIRE FOR ABUSIVE DISCOVERY AND MULTIPLE MISREPRESENTATIONS TO THE COURT

Pursuant to Fed. R. Civ. P. 11, or in the alternative, the Court's inherent authority, Defendant Technipower, Inc. (hereinafter "Technipower"), through counsel, submits its Motion for Sanctions (the "Motion") and respectfully states the following:

## ARGUMENT

Despite multiple good-faith requests that Mr. Quezaire withdraw discovery requests bearing no relevance to his Title VII discrimination and retaliation claims, Mr. Quezaire has expressly refused to comply. As a result, the undersigned has had to expend significant time and resources—drafting more than 100 pages of objections and responses to over 300 discovery requests, most of which are irrelevant, improperly seek legal conclusions, and are duplicative—often word-for-

word identical. *See generally* Doc. 66-1. These requests serve no legitimate purpose other than to harass Technipower, increase litigation costs, and delay a timely resolution of this matter. Mr. Quezaire has been repeatedly placed on notice that his discovery tactics violate the Federal Rules of Civil Procedure, yet he has shown no intention of complying with those rules. Even worse, Mr. Quezaire has also submitted multiple misrepresentations of case law to this Court—offering no explanation, correction, or acknowledgment of wrongdoing.

Mr. Quezaire's continued abuse of his *pro se* status has resulted in unnecessary costs and has placed an undue burden on both the undersigned and this Court. Accordingly, Technipower respectfully submits that sanctions in the form of reasonable attorneys' fees are appropriate and necessary under Fed. R. Civ. P. 11, or in the alternative, the Court's inherent authority, both for responding to discovery that is far outside the scope of Rule 26(b) and for addressing Mr. Quezaire's repeated and unrepentant misrepresentations of case law.

### I. Rule 11 of the Federal Rules of Civil Procedure & the Court's Inherent Authority.

Fed. R. Civ. P. 11 states that filings submitted to the court must certify, among other things, that they are not being presented for improper purposes—such as harassment, delay, or increasing litigation costs. Fed. R. Civ. P. 11(b). Statements made in the filings must be non-frivolous and based on factual evidence. *Id*. Moreover, Fed. R. Civ. P. 11 requires that legal arguments be supported by case law

2

that exists. *Id.* If the Court determines that a party violated Fed. R. Civ. P. 11, it may "order … [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Mr. Quezaire's *pro se* status does not shield him from consequences for violating Fed. R. Civ. P. 11. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *see also Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (stating that *pro se* filings "do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'").

A court's inherent authority "is both broader and narrower than other means of imposing sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1314–15 (11th Cir. 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991)). "While the other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses' and 'must continue to exist to fill in the interstices.'" *Id.* Notably, the court's inherent authority "can be invoked even if procedural rules exist which sanction the same conduct, for these rules are not substitutes for the inherent power." *Id.* (quoting *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). While the court should not
3

generally use its inherent authority to impose sanctions, it can safely rely on that power to sanction bad-faith conduct during litigation. *Id.* at 1315 (citations omitted).

**A. Misrepresentations of case law to the Court.**

On June 9, 2025, Technipower moved for a protective order (the "June 9 Motion"). Doc. 66. In the June 9 Motion, the undersigned brought to the Court's attention multiple examples of Mr. Quezaire misrepresenting case law throughout this litigation. *Id.* at 2, 8, 13-14. In his response, Mr. Quezaire doubled down, misrepresenting several more cases to the Court. *See generally* Doc. 67. In its reply, the undersigned provided specific examples for the Court's attention. Doc. 68 at 3-5. Mr. Quezaire then moved for leave to file a surreply (*see* Doc. 71)—while, without leave, filing the surreply—arguing that the undersigned's claims are "based on semantics, not substance." Doc. 71-1 at 5. With respect, pointing out the blatant making up of case law and case quotations is not an engagement in semantics. Rather, it is rightfully bringing to the Court's attention several instances of Mr. Quezaire's dishonesty, which, as the undersigned stated, would land a licensed attorney in this state before the Bar for disciplinary action. Doc. 68 at 2.

Mr. Quezaire has been given enough instructions and amount of time to comply with the rules of procedure and ethics all attorneys must follow. He has refused and must be sanctioned accordingly.

**B. Mr. Quezaire's Express Refusal to Withdraw Out-of-Scope Discovery.**

The District Court was clear that "[t]he only claims remaining in this lawsuit are Plaintiff's Title VII discrimination and retaliation claims against TechniPower." Doc. 61 at 5. The undersigned advised Mr. Quezaire of the procedural rule supporting the multiple requests to withdraw discovery requests unrelated to Mr. Quezaire's Title VII claims against Technipower. Doc. 66-3 at 17. But in his response to the June 9 Motion, Mr. Quezaire insisted that he is owed discovery on claims dismissed on summary judgment. Doc. 67 at 9-10, 13-14, 21-22. But the law and procedural rules are clear: discovery is not allowed for claims that have been dismissed. *Jenkins v. Campbell*, 200 F.R.D. 498, 500–02 (M.D. Ga. 2001); *see also* Fed. R. Civ. P. 26(b). Mr. Quezaire continues his argument for out-of-scope discovery in his surreply—which was filed without leave. Doc. 71-1 at 3-4. Mr. Quezaire's stubbornness has led to hours and hours of valuable time and resources responding to discovery that is far beyond what is allowed under controlling precedent and the procedural rules.

For example, in his requests for admission, the undersigned has identified at least ***eighteen*** instances in which Mr. Quezaire's requests are nearly identical. Below are examples:

- Mr. Quezaire makes the same request *six* times:

23. Admit that Plaintiff was the first employee in his orientation group to close a deal.

69. Admit that Plaintiff was the first employee in his orientation group to close a deal.

148. Admit that Plaintiff was the first in his orientation group to close a deal.

149. Admit that Defendant has no evidence to contradict Plaintiff's claim that he was the first in his orientation group to close a deal.

155. Admit that Plaintiff closed his first client deal before any other member of his orientation class.

211. Admit that Plaintiff was the first in their orientation group to close a deal but was terminated shortly afterward.

- Mr. Quezaire makes a different request *six* times:

65. Admit that no investigation was conducted into Plaintiff's report of microaggressions.

85. Admit that the EEOC position statement acknowledged Plaintiff's complaint of microaggressions but provided no evidence of an investigation into the complaint.

95. Admit that Defendant did not conduct any investigation into Plaintiff's complaint of microaggressions.

118. Admit that Defendant did not document any investigation into Plaintiff's complaint of microaggressions.

143. Admit that no investigation into Plaintiff's report of microaggressions was conducted before his termination.

144. Admit that Defendant's EEOC position statement did not include documentation of any investigation into Plaintiff's report of microaggressions.

These are just two of at least *eighteen* examples of repetitive requests for admission that do more than improperly ask for legal conclusions. They unduly burden Technipower by forcing it to respond to the same request in Mr. Quezaire's bad faith attempt to create a factual dispute. What's more, beginning at Request No. 176 to Request No. 217, the majority of Mr. Quezaire's requests are irrelevant to the remaining claims here. Doc. 66-1 at 47-49. And 22 of the 217 requests relate to Mr. Quezaire's dismissed ADA claim.[1] Still, Technipower was forced to respond or risk a baseless motion to compel. Similarly, four of Mr. Quezaire's requests for production relate to his dismissed ADA claim[2], and most of the requests are either for irrelevant documents or for information Mr. Quezaire has in his possession via his EEOC filings.

Given the number of requests, their repetitive language, the improper requests for legal conclusions, their unreasonably broad scope, and lack of relevancy, it is not a stretch to say that Mr. Quezaire's discovery requests have less to do with his effort

---

[1] The requests that relate to Mr. Quezaire's dismissed ADA claim are Request Nos. 12, 63, 66-67, 82-83, 90-91, 96, 101, 109, 124, and 133-34. *See* Doc. 66-1 at 34-49.
[2] The requests that relate to Mr. Quezaire's dismissed ADA claim are Request Nos. 37, 40, 42, and 46. *See* Doc. 66-1 at 52-53. And Mr. Quezaire makes requests for information related to Technipower's diversity initiatives and, for example, reviews left on public websites. *Id.* at 56-62.

to obtain information related to his claims than his attempt to create the smallest of factual disputes on summary judgment. His intentional attempts to frustrate the discovery process while causing unnecessary delay and expense cannot go without consequences.

At bottom, Mr. Quezaire cannot justify serving over 300 discovery requests—nor can he explain his refusal to tailor those requests to the narrow issues that remain in this case. Fed. R. Civ. P. 26 does not grant litigants, even *pro se* parties, a license to abuse the discovery process, nor does self-representation shield one from accountability for egregious and repeated violations of the rules. Mr. Quezaire has now made a double-digit number of misrepresentations of case law to this Court, and his conduct reflects a persistent disregard for the truth and for the Court's time. Mr. Quezaire's actions have unreasonably and unnecessarily increased the cost of this litigation, and he should be held accountable. His most recent filings, in which he baselessly accuses the Court and its officials of misconduct (*see* Doc. 72), only underscore the lack of credibility on which his discovery demands rest.

Regrettably, the undersigned has responded to these improper requests not because they deserved a response but because Mr. Quezaire has consistently shown that he will exploit every procedural avenue—no matter how meritless—to harass, delay, and prolong the proceedings. Warnings have proven ineffective. The undersigned, therefore, respectfully requests significant sanctions under Fed. R. Civ.

P. 11 or the Court's inherent authority, including the award of reasonable attorneys' fees, to restore reason and order to this matter.

## CONCLUSION

For the reasons discussed above, the undersigned requests that the Court **GRANT** the Motion and provide any relief or issue any Order it deems appropriate.

Date: June 16, 2025

Respectfully submitted,

By: /s/ *Addison Smith*
Addison Smith
Georgia Bar No. 774118
Mark Keenan
Georgia Bar No. 406830
**BARNES & THORNBURG LLP**
3340 Peachtree Rd, Suite 2900
Atlanta, GA 30326
Phone: (404) 264-4044
Fax: (404) 264-4033
addison.smith@btlaw.com
mark.keenan@btlaw.com

*Attorneys for Defendants*

# **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing has been prepared with Times New Roman, 14-point font, one of the fonts required by this Court in Local Rule 5.1(C).

Dated: June 16, 2025.

                                             */s/ Addison Smith*
                                             Addison Smith
                                             Georgia Bar No. 774118

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I served the foregoing to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record. I also certify that the foregoing document is being served on this date on the *pro se* parties below via electronic mail:

Jamal Quezaire
1014 Oak Chase Dr N
Tucker, Georgia 30084
Jquezaire2022@gmail.com

/s/ *Addison Smith*
Addison Smith
Georgia Bar No. 774118