FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 0 7 2025

KEVIN R. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

**JAMAL QUEZAIRE,**

**Plaintiff,**

**v.**

**TECHNIPOWER INC., et al.,**

**Defendants.**

**Civil Action No. 1:24-cv-03733-ELR-RDC**

## NOTICE TO PRESERVE OBJECTIONS, DUE PROCESS RIGHTS, AND TO CLARIFY PROCEDURAL POSITION

Plaintiff Jamal Quezaire, appearing pro se, respectfully files this Notice to preserve all legal objections, constitutional rights, and procedural safeguards arising from:

1. The scheduled July 24, 2025 hearing;

2. The denial of Plaintiff's procedural motions seeking clarity, fairness, and protection; and

3. Any future ruling issued under conditions of ambiguity, procedural imbalance, or unequal treatment.

## I. OBJECTION TO DENIAL OF PROCEDURAL MOTIONS

Plaintiff formally preserves objection to the denial of the following:

• Motion to clarify hearing scope (Docs. 70, 83)

• Motion for protective order to prevent procedural surprise (Doc. 84)

• Motion to record hearing (Doc. 69)

• Motion for limited media access (Doc. 82)

• Motion for recusal (Doc. 72)

• Motion to preserve rights (Doc. 81)

• Motions to compel discovery (Docs. 77, 80)

• All additional motions denied in Docs. 85 and 86

The blanket denials of these motions—without substantive engagement—deny Plaintiff a fair opportunity to prepare, preserve objections, or ensure a balanced hearing. Each denial compounds procedural uncertainty and deepens the risk of prejudicial outcomes.

## II. PROCEDURAL OBJECTION: AMBIGUOUS HEARING SCOPE

Despite multiple requests, the Court has refused to define the scope or legal boundaries of the July 24 hearing. Instead, the Court states:

"The specific purpose of the hearing will be to address Defendant's pending motions… [but] the parties must be prepared to discuss these and any other matters associated with the case." (Doc. 85 at 1, emphasis added)

This contradiction enables open-ended judicial discretion while denying Plaintiff fair notice or time to prepare responsive arguments. Such ambiguity violates:

• Fed. R. Civ. P. 16(d), (e) (requiring pretrial clarity and fairness)

• Fed. R. Civ. P. 11(c) (requiring advance notice before sanctions)

• Fifth Amendment Due Process

• Local Rules 7.1, 83.1, and 83.4 (notice and procedural access)

## III. OBJECTION TO ULTRA VIRES RULINGS BY MAGISTRATE JUDGE

Plaintiff has not consented to disposition by the Magistrate Judge under 28 U.S.C. § 636(c). Therefore:

• Any ruling involving sanctions or dismissal must proceed through Report & Recommendation;

• Any adverse ruling on the merits will trigger immediate objection under Fed. R. Civ. P. 72(b);

• Any dispositive ruling entered outside statutory authority is preserved as voidable for appellate review.

## IV. FORMAL OBJECTION TO AI CERTIFICATION ORDER (Doc. 85 at 8)

Plaintiff objects to the unilateral, selective, and retaliatory requirement that Plaintiff—and only Plaintiff—must:

1. Disclose any use of artificial intelligence;

2. Identify AI-generated portions of filings; and

3. Certify the accuracy of such portions under threat of sanctions.

This order is unsupported by any rule, statute, or standing order. No such requirement exists under:

• Rule 11(b) – governs content of filings, not preparation tools

• Rule 83(b) – prohibits local rules that contradict or add burdens inconsistent with the Federal Rules

• 28 U.S.C. §§ 453 & 455 – require impartiality in conduct and procedure

• Fifth Amendment Due Process and Equal Protection

Defense counsel is not subject to this order, despite likely use of templates, automation, or AI-assisted drafting. The Court's selective imposition is not administrative—it is reputational and coercive.

## V. RECORD OF RETALIATION AND STRUCTURAL BIAS

The AI order does not arise from a motion, a hearing, or evidence of misconduct. It was imposed sua sponte and accompanied by language branding Plaintiff's filings as:

• "Incoherent"

• "Meritless"

• "Procedurally improper"

This framing seeks to undermine Plaintiff's credibility, discredit legal arguments, and create a pretext for striking or dismissing future filings—before the District Judge has even reviewed the case in full.

By pre-judging the source and authorship of Plaintiff's filings, the Court has veered from neutral adjudication into procedural targeting.

## VI. DEMAND FOR LEGAL BASIS

If the Court believes it possesses lawful authority to impose this AI certification requirement solely upon Plaintiff, then Plaintiff respectfully demands that the Court identify that authority, with citation to:

• Federal Rules

• Local Rules

• Statutory authority

• Case law from this Circuit or the Supreme Court

Absent such authority, the certification requirement cannot stand as a neutral procedural measure and must be construed as an abuse of discretion, denial of equal treatment, and due process violation.

## VII. NOTICE — NOT A MOTION

This filing is not a motion and does not seek affirmative relief. It is submitted solely to:

• Preserve all legal objections, due process rights, and appellate posture

• Document continuing procedural ambiguity, bias, and disparate treatment

• Preemptively challenge any ruling issued under unclear, retaliatory, or ultra vires conditions

## VIII. PRESERVATION OF RIGHTS

Plaintiff reserves the right to:

• Object under Fed. R. Civ. P. 72(b)

• File post-hearing declarations

• Initiate judicial misconduct complaints

• Raise these issues before the District Judge, Eleventh Circuit, or Judicial Conference as warranted

## IX. Documented Pattern of Procedural Targeting and Constructed Pretext for Sanctions

Plaintiff respectfully documents that the Court's procedural posture reflects a **pattern of targeted judicial conduct designed to delegitimize Plaintiff's filings and construct pretext for future sanctions or adverse rulings.** Specifically:

- Every motion Plaintiff has filed to clarify, protect procedural rights, or ensure fairness (Docs. 69–72, 76–84) has been denied—often without substantive analysis or meaningful engagement with the legal issues

presented.

- Multiple court orders have included language branding Plaintiff's filings as "incoherent," "meritless," or "procedurally improper," despite no finding of bad faith or improper purpose. This language serves no legal necessity; it instead functions to create a **reputational narrative** that discredits Plaintiff before the Court and District Judge.

- The Court has imposed a **one-sided AI certification requirement** (Doc. 85 at 8) directed solely at Plaintiff, without motion, hearing, or application to defense counsel—despite the likelihood that both parties utilize drafting tools, templates, or AI-based legal resources. The rule lacks basis in the Federal Rules of Civil Procedure and violates Rule 83(b)'s prohibition against inconsistent or unequal procedural burdens.

- These measures, viewed together, indicate an emerging procedural strategy: to portray Plaintiff as burdensome, noncompliant, or sanctionable—regardless of the legal merits of Plaintiff's arguments or conduct.

Plaintiff does not make this assertion lightly. These are not isolated procedural rulings—they form a documented pattern of **selective scrutiny, reputational framing, and procedural asymmetry**, all of which violate the spirit and letter of:

- **Fed. R. Civ. P. 11(c)** (sanctions require notice, specific findings, and fair opportunity to respond),

- **Fed. R. Civ. P. 1** (mandating fairness, neutrality, and equality in procedure),

- And **28 U.S.C. § 455(a)** (requiring recusal where impartiality might reasonably be questioned).

Plaintiff preserves this record in advance of the July 24 hearing to ensure that any subsequent invocation of "tone," "filing behavior," or "procedural burden" as grounds for sanctions, dismissal, or restrictions is viewed in the full context of this pattern—not as a neutral application of the law. This **cumulative pattern**, when viewed in full, suggests a shift from neutral adjudication to **discrediting posture**, where Plaintiff is no longer treated as a litigant but as a problem to be managed or penalized.

Federal courts are obligated to **avoid even the appearance of bias**, and to ensure
that pro se litigants receive access to fair procedures, not disproportionate scrutiny.
The current trajectory threatens those standards. Plaintiff does not raise these
concerns lightly, but does so to **preserve all appellate rights and to ensure that
the official record reflects the appearance of judicial partiality that now
surrounds this case.**

**Order as a Tool to Undermine Pro Se Competence and Preserve Institutional
Control**

The Court's selective imposition of an AI certification requirement is not grounded
in law, necessity, or record-based findings. Its true function appears to be strategic:
to undermine the credibility of a pro se litigant whose filings demonstrate an
uncommon level of precision, legal accuracy, and structural command.

In ordinary circumstances, a federal court would commend clarity and compliance
from an unrepresented party. Here, however, the Court has treated Plaintiff's
competence not as an asset to the process—but as a threat to control.

Rather than address Plaintiff's filings on the merits, the Court has chosen to
question their authorship. The timing and language of the AI directive—imposed
unilaterally, without motion or evidentiary basis—suggest that the goal is not
procedural integrity, but institutional preservation.

By forcing Plaintiff to publicly certify AI use under threat of sanctions, the Court has created a framework that:

- Shames Plaintiff through implication,

- Preconditions future filings for invalidation,

- Creates a record for striking briefs or issuing sanctions, and

- Repositions legal proficiency as suspicious rather than valid.

This maneuver is not about protecting the judicial process. It is about neutralizing what the Court perceives as an unfair advantage: the assistance of tools that allow a pro se litigant to meet or exceed the level of licensed counsel. That perception should prompt respect for access and innovation—not retaliation.

When procedural tools are used not to safeguard the docket, but to suppress a litigant's capacity to participate meaningfully, the Court steps beyond neutrality and into corrective discipline.

Respectfully submitted,

Jamal Quezaire

Pro Se Plaintiff