IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAL QUEZAIRE,

    Plaintiff,

v.

TECHNIPOWER INC., *et al.*,

    Defendants.

CIVIL ACTION NO.
1:24-cv-03733-ELR-RDC

## **ORDER**

On June 30, 2025, the undersigned stayed all proceedings in this matter pending a hearing scheduled for July 24, 2025. (Doc. 85). Simultaneously, based on evidence that Plaintiff had submitted "fake cases with fake quotes" in his filings with the Court—a sign of potential artificial intelligence ("AI") misuse—the undersigned expressly ordered the following:

> [W]hether Plaintiff has actually used artificial intelligence or not, he is **WARNED** that, under Rule 11, every paper filed with the Court includes a certification of reasonable inquiry. *See* Fed. R. Civ. P. 11(b). Unverified AI use does not meet the requisite standard. To ensure that Plaintiff complies with his duty of inquiry, the undersigned **ORDERS** that he **MUST** attach to any paper filed with the Court a signed declaration that: (1) discloses the use of AI (if any); (2) identifies the portions of the filing prepared by AI (if any); and (3) certifies to the Court that he has checked the accuracy of any portion generated by AI, including citations and legal authorities. Any paper submitted to the Court without such declaration will be stricken. And any misrepresentations made to the Court in this regard may result in sanctions up to and including dismissal.

(*Id.* at 8) (emphasis in original). Despite this clear instruction, just a week later, Plaintiff filed a "Notice to Preserve Objections, Due Process Rights, and to Clarify Procedural

Position," which did *not* include the ordered AI disclosure. (Doc. 87). In his Notice, among other things, Plaintiff challenged the validity of the AI disclosure requirement.

By failing to include the ordered AI disclosure, Plaintiff openly defied a lawful Court order. The undersigned elects not to strike Plaintiff's Notice because it could be construed as an objection under Rule 72(a). At the same time, however, Plaintiff's objection does not excuse his compliance with the AI disclosure requirement. "Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013); *accord Kengne v. Freeman*, No. 1:22-cv-2653-SEG-CMS, 2022 WL 22434518, at *6 (N.D. Ga. Nov. 18, 2022) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)); *Saint Vil v. Perimeter Mortg. Funding Corp.*, No. 1:14-cv-01428-MHC-RGV, 2016 WL 10567193, at *6 (N.D. Ga. Dec. 15, 2016) (recommending dismissal based on the plaintiffs' willful failure to obey the magistrate judge's order, which required the inclusion of a *pro se* certification on all future filings), *R. & R. adopted in relevant part*, 2017 WL 5473745, at *5 (N.D. Ga. Jan. 18, 2017) (adopting the magistrate judge's recommendation and dismissing the plaintiffs' case because their willful refusal to comply with the magistrate judge's order demonstrated "that they [had] no intention in doing anything other than continue to use an unlicensed attorney to 'ghost-write' all of their

submissions"), *aff'd*, 715 F. App'x 912 (11th Cir. 2017) (affirming dismissal).

Not only did Plaintiff openly defy the Court's order, but there also remains an open question about the potential misconduct that triggered the order in the first place—namely, Plaintiff's possible misuse of AI assistance. Therefore, along with every other aspect of this case, Plaintiff must be prepared at the upcoming hearing to specifically discuss the following:

1. Whether he has used AI assistance in *any* of his filings with the Court, and if so, whether (and how) he verified the case law and legal propositions generated by AI. *See* Fed. R. Civ. P. 11(b)(2). In this regard, Plaintiff should be prepared to explain and show cause why his conduct did not violate Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3).

2. Whether this case should be dismissed based on his failure to comply with the undersigned's prior order directing him to attach a declaration of AI assistance to all subsequent filings. *See* Fed. R. Civ. P. 41(b); LR 16.5 & 41.3(A)(2), NDGa. Plaintiff should be prepared to explain and show cause why his failure to comply does not constitute willful and contumacious conduct. *See Saint Vil*, 2017 WL 5473745, at *7.

IT IS SO **ORDERED** on this 15th day of July 2025.

_____
REGINA D. CANNON
United States Magistrate Judge